JOHN R. MCMILLAN, ESQ.
Nevada Bar No. 0925
jrm@flangasmcmillan.com
GUS W. FLANGAS, ESQ.,
Nevada Bar No. 4989
gwf@flangasmcmillan.com
JESSICA K. PETERSON, ESQ.
Nevada Bar No. 10670
jkp@flangasmcmillan.com
**FLANGAS MCMILLAN LAW GROUP**
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
Telephone: (702) 307-9500
Facsimile: (702) 382-9452
Attorneys for John Bordynuik Inc., a Delaware corporation

# UNITED STATES DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| JOHN BORDYNUIK INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JBI INC., a Nevada corporation f/k/a 310 HOLDINGS INC., a Nevada corporation; and DOES I-V and ROES I-V.<br><br>Defendants. | CASE NO.:<br><br>DEPT. NO.:<br><br>**COMPLAINT** |

Plaintiff, JOHN BORDYNUIK INC., a Delaware corporation, (hereinafter "JBI Delaware") for its Complaint against Defendants JBI INC., a Nevada corporation f/k/a 310 HOLDINGS INC., a Nevada corporation, (hereinafter "JBI Nevada") complains and alleges as follows.

**GENERAL ALLEGATIONS**

1. JBI Delaware is a Delaware corporation with its principal place of business located in 6002 Mountain Gate Drive, Niagara Falls, Ontario L2J 4H9 Canada.

2. JBI Nevada is Nevada corporation with its principal place of business located in Clark County, Nevada.

3. The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES I-V and ROES I-V inclusive, are unknown to Plaintiff, who therefore, sues the said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges that

each of the Defendants designated herein as DOES and ROES are responsible in some manner for the events and happenings to Plaintiff as herein alleged. Plaintiff asks leave of this Court to amend this Complaint to insert the true names and capacities of the said Defendants DOES I-V and ROES I-V inclusive, when the same have been ascertained by Plaintiff, together with appropriate charging allegations and to join such Defendants in this action.

4. This matter arises out of an Asset Purchase Agreement entered into between JBI Delaware and JBI Nevada.

5. This matter also involves the conversion of $200,000.00 of JBI Delaware's funds by JBI Nevada.

6. On or about June 25, 2009, JBI Delaware and JBI Nevada, entered into an Asset Purchase Agreement, (hereinafter "Agreement") whereby JBI Delaware agreed to sell to JBI Nevada certain assets (hereinafter "Assets") in exchange for JBI Nevada transferring 809,593 shares of JBI Nevada stock to JBI Delaware.

7. The Agreement further provided that in exchange for the 809,593 shares of JBI Nevada stock, JBI Delaware would transfer to JBI Nevada the following Assets:

    a. Equipment valued at $6,267.00;
    b. Office Furniture and Equipment valued at $57,942.00;
    c. Telephone System valued at $7,524.00;
    d. Computer software valued at $1,991.00;
    e. Tape Reading equipment valued at $259,511.00;
    f. Tape ovens valued at $6,753.00;
    g. Drive cooling system valued at $1,423.00;
    h. Moisture control device valued at $4,389.00;
    i. Tools valued at $3,297.00;
    j. Mobile Data Recovery Unit valued at $120,091.00; and a
    k. Liftruck valued at $8,473.00

8. The total value of all of the Assets that JBI Delaware transferred to JBI Nevada equaled $477,600.00.

9. JBI Delaware transferred all of the Assets to JBI Nevada between June 29, 2009 and July 15, 2009.

10. JBI Nevada never transferred the 809,593 shares of JBI Nevada stock to JBI Delaware.

11. JBI Delaware has demanded JBI Nevada transfer the stock or return the assets and JBI Nevada has refused.

12. Plaintiff is informed and believes and upon that basis alleges that John Bordynuik the former Chief Executive Officer of JBI Delaware transferred the sum of $200,000.00 out of JBI Delaware's bank account to JBI Nevada for no lawful purpose and for no consideration.

13. JBI Delaware has requested that JBI Nevada return the $200,000.00 and JBI Nevada has refused.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

14. JBI Delaware realleges the allegations contained in paragraphs 1-13 above and incorporates those allegations by this reference.

15. The parties had an Agreement for JBI Delaware to transfer various assets to JBI Nevada in exchange for JBI Nevada tendering 809,593 shares of JBI Nevada stock to JBI Delaware.

16. In performance of the Agreement, JBI Delaware transferred all of its right, title, and interest in the assets of JBI Delaware along with the assets themselves to JBI Nevada.

17. JBI Nevada breached the parties' Agreement by failing to tender the stock shares to JBI Delaware as required by the Agreement.

18. Not only has JBI Nevada failed to tender the stock shares, but JBI Nevada has kept the sum of $200,000.00 that was wrongfully transferred to JBI Nevada by John Bordynuik.

19. This failure to tender the stock shares is a material breach of the agreement by JBI Nevada

20. JBI Delaware has suffered damages in an amount in excess of $75,000 the exact amount to be proven at Trial.

21. JBI Delaware has been required to retain the services of an attorney to prosecute this

action, and therefore, JBI Delaware is entitled to a reasonable amount of attorneys' fees, together with costs of suit incurred herein.

## SECOND CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

22. JBI Delaware realleges the allegations set forth in paragraphs 1-21 above and incorporates those allegations by this reference.

23. There is implied in every contract a Covenant of Good Faith and Fair Dealing between the parties thereto. This means that each party impliedly agrees not to do anything to destroy or injure the right of the other party to receive the benefits of the contract. JBI Nevada breached this implied promise of good faith and fair dealing when it failed to tender the stock to JBI Delaware upon JBI Delaware transferring the assets pursuant to the Agreement, as well as when it took the $200,000.00.

24. As a direct and proximate result of JBI Nevada's breach, JBI Delaware has been damaged in an amount in excess of $75,000.

25. JBI Delaware has been required to retain the services of an attorney to prosecute this action, and therefore, JBI Delaware is entitled to a reasonable amount of attorneys' fees, together with costs of suit incurred herein.

## THIRD CLAIM FOR RELIEF

### (Conversion -JBI Nevada)

26. JBI Delaware realleges the allegations set forth in paragraphs 1-13 above and incorporates those allegations by this reference.

27. JBI Delaware has provided valuable assets to JBI Nevada.

28. JBI Nevada has received those assets, but has failed to pay JBI Delaware for the reasonable value of those assets.

29. At all times relevant hereto, JBI Delaware has and continues to have a proprietary interest in the assets that JBI Delaware transferred to JBI Nevada until such time as JBI Nevada has paid for the assets or transferred the stock shares in JBI Nevada to JBI Delaware.

30. As such, JBI Nevada is wrongfully exercising ownership, dominion and control over

said assets to the detriment of JBI Delaware.

31. As a direct and proximate result of JBI Nevada's failure to pay for the assets or transfer the JBI Nevada stock to JBI Delaware, JBI Nevada has converted the JBI Delaware assets to its' benefit in violation of JBI Delaware's rights.

32. The conduct of JBI Nevada in converting the assets of JBI Delaware for its own benefit was willful and in conscious disregard of JBI Delaware's rights to ownership and possession of the assets, and was oppressive, fraudulent or malicious such that JBI Nevada should be made to pay punitive damages pursuant to NRS 42.005 for the sake of example and by way of punishing JBI Nevada for said acts.

33. As a result of said conversion by JBI Nevada, JBI Delaware has been required to engage the services of an attorney to prosecute this action, and is therefore entitled to a reasonable amount of attorneys' fees, together with costs of suit incurred herein.

## FOURTH CLAIM FOR RELIEF

### (Conversion of $200,000.00 - JBI Nevada)

34. Plaintiff is informed and believes and upon that basis alleges that John Bordynuik, the former Chief Executive Officer of JBI Delaware, transferred the sum of $200,000.00 out of JBI Delaware's bank account to JBI Nevada for no lawful purpose and for no consideration.

35. At all times relevant hereto, JBI Delaware has and continues to have a proprietary interest in the $200,000.00 that John Bordynuik transferred to JBI Nevada, which JBI Nevada has kept.

36. As such, JBI Nevada is wrongfully exercising ownership, dominion and control over the funds that belong to JBI Delaware, to the detriment of JBI Delaware.

37. As a direct and proximate result of John Bordynuik and/or JBI Nevada taking $200,000.00 of JBI Delaware's funds, John Bordynuik and/or JBI Nevada has converted the JBI Delaware assets to its' benefit in violation of JBI Delaware's rights.

38. The conduct JBI Nevada in converting the assets of JBI Delaware for the benefit of JBI Nevada was willful and in conscious disregard of JBI Delaware's rights to ownership and possession of its money, and was oppressive, fraudulent or malicious such that JBI Nevada should

be made to pay punitive damages pursuant to NRS 42.005 for the sake of example and by way of punishing JBI Nevada for said acts.

39. As a result of said conversion by JBI Nevada, JBI Delaware has been required to engage the services of an attorney to prosecute this action, and is therefore entitled to a reasonable amount of attorneys' fees, together with costs of suit incurred herein.

## FIFTH CLAIM FOR RELIEF

### (Fraud In the Inducement)

40. JBI Delaware realleges the allegations set forth in paragraphs 1-25 above and incorporates those allegations by this reference.

41. JBI Nevada agreed that it would transfer JBI Nevada stock to JBI Delaware in exchange for JBI Delaware transferring its' assets to JBI Nevada.

42. JBI Nevada knew that JBI Delaware would rely upon the Agreement as justification for delivering the assets to JBI Nevada.

43. At the time that JBI Nevada entered into the Agreement with JBI Delaware, it knew that it had no intention of transferring the stock to JBI Delaware.

44. In reliance on JBI Nevada's promise that it would transfer the stock, JBI Delaware entered into the Agreement.

45. In further reliance upon JBI Nevada's representations, JBI Delaware transferred the assets.

46. JBI Delaware has been damaged due to the failure on the part of JBI Nevada to transfer the JBI Nevada stock to JBI Delaware.

47. The conduct of JBI Nevada as set forth above was willful and in conscious disregard of JBI Delaware's rights and was undertaken with the intent to injure and damage JBI Delaware. JBI Delaware is therefore, entitled to an award of exemplary or punitive damages against JBI Nevada.

48. JBI Delaware has been required to retain the services of an attorney to prosecute this action, and is therefore entitled to a reasonable amount of attorneys' fees, together with costs of suit incurred herein.

## SIXTH CLAIM FOR RELIEF

(Fraud)

49. JBI Delaware realleges the allegations set forth in paragraphs 1-25 and Paragraphs 40 - 48 above and incorporates those allegations by this reference.

50. JBI Nevada represented to JBI Delaware that it would tender 809,593 shares of JBI Nevada stock to JBI Delaware in exchange for JBI Delaware transferring its' assets to JBI Nevada.

51. At the time that JBI Nevada made this representation, it knew that it had no intention of transferring the stock to JBI Delaware or paying JBI Delaware for the value of the assets.

52. JBI Delaware reasonably relied upon the representations made by JBI Nevada.

53. JBI Delaware has been damaged in the amount of $477,600.00 as a result of the misrepresentations made by JBI Nevada.

54. The conduct of JBI Nevada as set forth above was willful and in conscious disregard of JBI Delaware's rights and was undertaken with the intent to injure and damage JBI Delaware. JBI Delaware is therefore, entitled to an award of exemplary or punitive damages against JBI Nevada.

55. JBI Delaware has been required to retain the services of an attorney to prosecute this action, and is therefore entitled to a reasonable amount of attorneys' fees, together with costs of suit incurred herein.

**WHEREFORE**, JBI Delaware requests judgment be entered against JBI Nevada as follows:

A. JBI Delaware be awarded damages due to JBI Nevada's breach of Agreement in the amount of the value of the shares of JBI Nevada at the time the Agreement was entered into said amount to be determined at a trial of this matter in addition to any distributions or benefits derived as a result of the ownership of the shares; or in the alternative, JBI Delaware be awarded damages in the amount of $477,600.00, the value of the assets transferred to JBI Nevada;

B. JBI Delaware be awarded the sum of $200,000.00 against JBI Nevada;

C. JBI Delaware be awarded punitive damages pursuant to NRS 42.005.

D. JBI Delaware be awarded interest on the amounts due.

E. JBI Delaware be awarded its court costs and attorneys' fees incurred in this matter.

F. JBI Delaware be awarded such other relief as the court deems just and proper.

Dated this 14th day of August, 2013.

FLANGAS MCMILLAN LAW GROUP

*[signature: Jessica Peterson]*

JOHN R. MCMILLAN, ESQ.
Nevada Bar No. 0925
jrm@flangasmcmillan.com
GUS W. FLANGAS, ESQ.,
Nevada Bar No. 4989
gwf@flangasmcmillan.com
JESSICA K. PETERSON, ESQ.
Nevada Bar No. 10670
jkp@flangasmcmillan.com
**FLANGAS MCMILLAN LAW GROUP**
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
Telephone: (702) 307-9500
Facsimile: (702) 382-9452
*Attorneys for John Bordynuik Inc., a Delaware corporation*