GORDON SILVER
ERIC R. OLSEN, Nevada Bar No. 3127
JOEL Z. SCHWARZ, Nevada Bar No. 9181
3960 Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666
Attorneys for Defendant JBI, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN BORDYNUIK, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JBI, INC., a Nevada corporation f/k/a 310 HOLDINGS INC., a Nevada corporation; and DOES I-V and ROES I-V,<br><br>Defendants. | CASE NO. 2:13-cv-01463-APG-VCF<br>DEPT.<br><br>**DEFENDANT JBI, INC.'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 12(b)(6), 12(d) AND 56** |

Defendant JBI, INC., a Nevada corporation f/k/a 310 HOLDINGS INC., a Nevada corporation, by and through its attorneys, the law firm of Gordon Silver, hereby moves this Court for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and, as the motion includes matters outside the pleadings, for Summary Judgment upon Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 56(c), according to Federal Rule of Civil Procedure 12(d).

This Motion is made and based upon all of the pleadings and papers already on file herein, any and all exhibits, affidavits and/or declarations attached thereto, as well as any and all argument and/or other evidence introduced at any hearing on this matter.

Dated this 30th day of September 2013.

GORDON SILVER

_____
ERIC R. OLSEN, Nevada Bar No. 3127
JOEL Z. SCHWARZ, Nevada Bar No. 9181
3960 Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Defendant JBI, Inc.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2057804_2.doc

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This case is styled as an action by one corporation against another. In fact, this case is actually one individual's attempt to pursue personal claims by commandeering a defunct corporation. The individual, Sandra Elsley, has filed this action because of set-backs experienced in her pending Canadian action. In that case, filed in June 2012, Ms. Elsley brought individual claims against John Bordynuik and John Bordynuik, Inc. ("JBI Delaware"), the Plaintiff here. Recently, that matter has gone badly for Ms. Elsley.

In March of this year, an injunction she had obtained *ex parte* in December 2012 was rescinded by the Ontario court. In its order the court said that Elsley's failure to disclose certain pertinent facts warranted "immediate rescission" of her injunction, and the court referenced "other examples of nondisclosure" and material in her affidavit that was "clearly wrong." See Order of Mr. Justice Robert Nightingale ("Ord."), attached hereto as Exhibit 1, at ¶¶ 54, 57.

Perceiving this result as a problem, Ms. Elsley attempted an end-run. She did that by improperly signing her name on a certificate of renewal and revival as President of JBI Delaware in order to bring this action on behalf of JBI Delaware. See Certificate of Renewal and Revival of Charter ("Cert."), attached hereto as Exhibit 2. Of course, Ms. Elsley is simultaneously suing JBI Delaware in Canada, a conflict in itself, but more problematic is Ms. Elsley's complete lack of authority to revive JBI Delaware for any purpose, including the purpose of bringing this action against JBI Nevada. Only a duly elected president of the corporation could do that.

John Bordynuik, Ms. Elsley's real target and a defendant in Canada, was the President of JBI Delaware when it went dormant in 2009. Furthermore, Mr. Bordynuik is still its majority shareholder. According to Delaware corporate law, only those with authority may renew or revive a corporation. Ms Elsley has none.

On June 25, 2009, Ms. Elsley signed a settlement agreement, which precluded her from bringing an action against JBI Nevada personally. Ms. Elsley's strategy was to bring the Ontario action against JBI Delaware and John Bordynuik. Now she has commenced this case. While she

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2057804_2.doc

2 of 9

1  purportedly holds shares in JBI Delaware, Ms. Elsley did not bring this action as a derivative suit
2  on behalf of JBI Delaware. She chose instead to file the action as JBI Delaware, but she has no
3  standing or authority to proclaim herself President and pursue this case. All of this is simply a
4  way to avoid further set-backs in the Ontario case, but Ms. Elsley cannot get her way here.

5      This case was improperly filed. JBI Delaware was not properly revived, because the
6  person claiming to revive it as President is not its president. The exhibits attached hereto,
7  including the Declaration of John Bordynuik ("Bordynuik Dec."), attached hereto as Exhibit 3,
8  confirm that fact, and no evidence exists to the contrary. As there is no genuine issue of material
9  fact that would preclude summary judgment in favor of Defendant JBI Nevada, said Defendant is
10 entitled to dismissal.

## II.

## STATEMENT OF RELEVANT FACTS

13     Sandra Elsley did not add the Defendant company, JBI Nevada, as a defendant in her
14 action in Ontario, Canada, but the claims are essentially the same. See Amended Statement of
15 Claim ("S.O.C."), attached hereto as Exhibit 4. Cf. Complaint. There the court initially granted
16 an ex parte injunction against John Bordynuik transferring his assets. John Bordynuik's assets
17 include shares in JBI Nevada. That was December 2012. The Ontario court, however, declined to
18 extend the interim Mareva Injunction on March 1, 2013, in a scathing decision. See Ord., Exh. 1.
19 For example, the court wrote in paragraph 54:

> The complete failure to advise Justice Matheson in the Plaintiff's affidavit or in submissions by her Counsel before him of the written settlement agreement of June 2009 which both parties agreed would dispose of the Plaintiff's case if it were held to be binding and valid is, in my view, exactly the type of nondisclosure that was contemplated by the Court of Appeal in Chitel, supra, that would result in an immediate rescission of the Mareva Injunction granted at first instance. This is especially so given the nature of the order obtained which in effect tied up all assets of the Defendant and not just his shares in the Nevada company without notice to him.

See Ord., Exh. 1, ¶ 54 (emphasis added). The court also stated:

> What is also most significant is that even though she swore in her affidavit of January 22, 2013 that she was currently seeking forensic handwriting expertise in order to verify her signature on that document, it appears that affidavit was false as her Counsel conceded that neither she nor he had even consulted a forensic handwriting expert as of the date of the hearing of this motion on February 12.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2057804_2.doc

3 of 9

See Ord., Exh. 1, ¶ 33 (emphasis added). The court went on to say:

> The Plaintiff has not met in my view the heavy onus of establishing she has a prima facie case. The signed June 2009 settlement agreement, if found to be valid and binding, completely disposes of the Plaintiff's action regardless of what the Defendant has done with his shares.

See Ord., Exh. 1, ¶ 62 (emphasis added).[1]

Elsley's goals in the Ontario court include getting to John Bordynuik's assets, and primarily to JBI Nevada. Stymied by the Canadian judge, and lacking credibility there, Ms. Elsley found a different avenue to bring her claim against JBI Nevada less than two weeks later: by falsely signing a revival certificate as the President of JBI Delaware. See Cert., Exh. 2. Unfortunately for her, Ms. Elsley signed a settlement agreement on June 25, 2009, thereby indemnifying John Bordynuik, 310 Holdings ("JBI Nevada"), JBI ("JBI Delaware"), its staff, and its shareholders from any future claims relating to the stock of the company. See Settlement Agreement ("Settlement"), attached hereto as Exhibit 5 at p. 2. Because of that, she could not bring a personal claim against JBI Nevada, Ms. Elsley instead decided to revive JBI Delaware.

Ms. Elsley is not, however, an officer of JBI Delaware and did not have authority to renew and revive the company. John Bordynuik was the last President of the corporation before it went dormant. See JBI, Inc. 10-K Form ("10K"), p. 36, attached hereto as Exhibit 6. Even Ms. Elsley has acknowledged in her own Canadian pleadings that John Bordynuik had remained as the sole officer and director of JBI Delaware when it ceased operating in 2009. See S.O.C., Exh. 4, ¶ 5. John Bordynuik also attests to this in his declaration, filed in support of this motion. See Bordynuik Dec., ¶ 2. While, in theory JBI Delaware could have, even in its dormancy, elected a new board and president at an annual or special shareholder meeting, no meeting consistent with the by-laws occurred. John Bordynuik holds approximately 70% of the shares in

---

[1] Moreover, the court said:

> In addition, the Plaintiff has adduced no evidence to suggest that if she is successful in her action against the Defendant personally or when added, the Nevada company, her judgment cannot be enforced either here in Ontario or the State of Nevada to collect it.

See Ord., Ex. 1, ¶ 66.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2057804_2.doc

4 of 9

JBI Delaware, and no meeting could have taken place without notice to him. According to Bordynuik's declaration, he received no such notice. See Bordynuik Dec., ¶¶ 1, 4-8.

## III.

## LEGAL ARGUMENT

### A. Legal Standard

Dismissal for failure to state a claim upon which relief may be granted can be obtained by motion under Federal Rule of Civil Procedure 12(b)(6). Under Federal Rule of Civil Procedure 12(d), however, if matters outside the pleadings are presented the motion is treated as one brought under Federal Rule of Civil Procedure 56. In this case, where dismissal is based upon the plaintiff corporation's lack of standing because it was not properly revived from dormancy and its purported president lacks authority to pursue the action, matters outside the pleadings must be considered and the motion must be treated as a summary judgment motion under Federal Rule 56.

Summary judgment is appropriate when, after a review of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, viewed in a light most favorable to the non-moving party, there remain no issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 317 (1986). Once the party moving for summary judgment has demonstrated that there is no genuine issue of material fact, the non-moving party must designate specific facts showing a genuine issue for trial. See Id. at 323-24. This "[e]vidence must be concrete and cannot rely on 'mere speculation, conjecture, or fantasy.'" Bates v. Clark County, 2006 WL 3308214, at *2 (D. Nev. Nov.13, 2006) (quoting O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir.1986)). Similarly, uncorroborated and self-serving testimony or declarations, without more, will not create a genuine issue of material fact precluding summary judgment. See DuBois v. Ass'n Apart. Owners 2987 Kalakaua, 453 F.3d 1175, 1180 (9th Cir.2006), cert. denied, 549 U.S. 1216, 127 S.Ct. 1267, 167 L.Ed.2d 92, 75 USLW 3436 (2007). At the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2057804_2.doc

5 of 9

for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). Accordingly, conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. See <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" <u>Celotex</u>, 447 U.S. at 327. Courts are likewise admonished to construe and administer available procedural mechanisms "to secure the just, speedy, and inexpensive determination of an action." See FED. R. CIV. P. 1. Accordingly, where appropriate, such as in this action, summary judgment should be entered to secure the just, speedy, and inexpensive determination of an action.

In the case, summary judgment is appropriate because Sandra Elsley is not the president of JBI Delaware. She had no authority to revive the corporation, and it cannot prosecute this action.

**B.    Plaintiff Lacks Standing to Bring the Action**

Standing is a threshold question that must be resolved before proceeding to the merits. <u>Los Angeles County Bar Ass'n v. Eu</u>, 979 F.2d 697, 700 (9th Cir.1992). "As a general matter, the law of the state of incorporation normally determines issues relating to the internal affairs of a corporation." <u>First Nat. City Bank v. Banco Para El Comercio Exterior de Cuba</u>, 462 U.S. 611, 621, 103 S. Ct. 2591, 2597, 77 L. Ed. 2d 46 (1983). See Restatement (Second) of Conflict of Laws § 302, Comments a & e, (1971). Cf. <u>Cort v. Ash</u>, 422 U.S. 66, 84, 95 S.Ct. 2080, 2090, 45 L.Ed.2d 26 (1975). Because JBI Delaware was incorporated in Delaware, the law of that state controls. Delaware law states that directors, rather than shareholders, manage business affairs of corporation. 8 Del.C. § 141(a). <u>Solomon v. Armstrong</u>, 747 A.2d 1098 (1999), <u>aff'd</u> 746 A.2d 277. Because it is undeniable that the determination of whether to sue on behalf of the corporation is a business affair, that decision is vested with the directors of the corporation.

Here, Plaintiff, JBI Delaware, alleges that Defendant, JBI Nevada, breached its contract, employed fraud to induce it into the contract, and converted its property. See generally Complaint. Even if the Court were to assume the truth of each and every allegation in Plaintiff's

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2057804_2.doc

Complaint, however, Plaintiff lacks standing to bring this claim and could not prevail, because it was not properly revived as a corporation and the person behind filing this action is not authorized to pursue it. This action was brought by JBI Delaware and not as a shareholder derivative action, and therefore may only be brought by those with authority to manage the corporation. See generally Complaint. The president and sole director of the corporation, John Bordynuik, did not bring this action. See S.O.C., Exh. 4, ¶ 5.

On July 5, 2013, Sandra Elsley filed a certificate of renewal and revival of charter for JBI Delaware, signing her name as President. See Cert., Ex. 2. However, § 312(d)(6) of the Delaware Code requires that all certificates of renewal and revival shall be "filed by authority of those who were directors or members of the governing body of the corporation at the time its certification of incorporation expired or who were elected directors or members of the governing body of the corporation as provided in subsection (h) of this section." Del. Code Ann. tit. 8, § 312 (West). Additionally, section (h) states that the last acting officers retain authority unless they are unavailable, whereby the stockholders may elect a full board of directors as provided by the bylaws, and the board shall then elect such officers as provided by the law. Id. A special meeting of stockholders may be called by any officer, director, or shareholder upon notice for the purpose of electing directors. Id.

John Bordynuik was the only person who could file the revival certificate. John Bordynuik has remained the majority stockholder of JBI Delaware since the company ceased operations, so it is impossible for any other directors, including Ms. Elsley, to have been elected in any capacity without his approval or at least by notice to him of a special meeting. See Bordynuik Dec., ¶¶ 2-4. There is no evidence that John Bordynuik ever resigned from his position as President nor is there any evidence that Ms. Elsley was elected as President of the corporation. The company did not go into dormancy until April 2010, and Ms. Elsley has previously represented to the Canadian court that "John Bordynuik had remained as the sole officer and director" of JBI Delaware when it ceased operating. See S.O.C., Exh. 4, ¶¶ 5 and 97. ("By not providing Elsley with her fair portion of shares of JBI-Nevada as Bordynuik advised her he would, Bordynuik was not acting within the parameters of his obligations as a director of

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2057804_2.doc

7 of 9

either JBI-Nevada and JBI-Delaware.") Because Ms. Elsley is not bringing this action as a derivative suit—because John Bordynuik is the only person with authority to bring the case on behalf of the corporation and he has not done so—and because Ms. Elsley did not have the authority to file the certificate of revival and renewal of the corporation, which is void for lack of authority, this action cannot move forward and summary judgment must be granted.

## IV.

## CONCLUSION

Ms. Elsley was not satisfied in the direction her case was headed in Ontario when Justice Nightingale exposed her nondisclosures and wrongdoings and because she was precluded from bringing this action, so she attempted for a fresh start by bringing essentially the same claims through JBI Delaware in this court. However, she lacks standing to do so. Ms. Elsley had no authority under Delaware law to renew and revive the company. Nevertheless, she improperly signed her name as President of JBI Delaware in order to renew and revive the company and then brought this action against JBI Nevada.

As President, John Bordynuik is the only person who could bring this action on behalf of JBI Delaware. Even if there was a special meeting to elect new directors, only Bordynuik could call the meeting. Even if a special meeting was somehow held, Bordynuik did not receive notice. Therefore, there is no possible legal avenue by which Ms. Elsley would have become President of JBI Delaware and the company was not properly renewed and revived. It cannot bring this action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2057804_2.doc

1   For these reasons, no genuine issue of material fact is present to challenge JBI Nevada's entitlement to judgment. JBI Nevada therefore respectfully asks that this Court GRANT relief in favor of JBI Nevada pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(d), and 56.

DATED this 30th day of September 2013.

GORDON SILVER

_____
ERIC R. OLSEN, Nevada Bar No. 3127
JOEL Z. SCHWARZ, Nevada Bar No. 9181
3960 Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666
Attorneys for Defendant JBI, Inc.

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Gordon Silver, hereby certifies that on the 30th day of September 2013 she served a copy of the DEFENDANT JBI, INC.'S MOTION FOR SUMMARY JUDGMENT, via the Court's CM/ECF electronic filing to:

John R. McMillan, Esq.
jrm@flangasmcmillan.com
Gus W. Flangas, Esq.
gwf@flangasmcmillan.com
Jessica K. Peterson, Esq.
jkp@flangasmcmillan.com
FLANGAS MCMILLAN LAW GROUP
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
Attorneys for Plaintiff John Bordynuik Inc.

_____
Bobbye Donaldson, an employee of
GORDON SILVER

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2057804_2.doc

9 of 9