GORDON SILVER
ERIC R. OLSEN
Nevada Bar No. 3127
Email: eolsen@gordonsilver.com
JOEL Z. SCHWARZ
Nevada Bar No. 9181
Email: jschwarz@gordonsilver.com
KORY L. KAPLAN
Nevada Bar No. 13164
Email: kkaplan@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666
Attorneys for Defendant JBI, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN BORDYNUIK, Inc., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JBI, INC., a Nevada corporation f/k/a 310 HOLDINGS INC., a Nevada corporation; and DOES I-V and ROES I-V,<br><br>　　　　　　　Defendants. | CASE NO. 2:13-cv-01463-APG-VCF<br>DEPT.<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 12(b)(6), 12(d) AND 56** |

Defendant JBI, INC., a Nevada corporation f/k/a 310 HOLDINGS INC., a Nevada corporation ("JBI Nevada"), by and through its attorneys, the law firm of Gordon & Silver, Ltd., hereby files its Reply to the Opposition to Motion to Dismiss and for Summary Judgment ("Opp.") filed by Plaintiff JOHN BORDYNUIK, INC., a Delaware Corporation ("JBI Delaware").

. . .

. . .

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2112685

1 of 9

This Reply is made and based upon all of the pleadings and papers already on file herein, any and all exhibits, affidavits and/or declarations attached thereto, as well as any and all argument and/or other evidence introduced at any hearing on this matter.

Dated this 25th day of November, 2013.

GORDON SILVER

ERIC R. OLSEN
Nevada Bar No. 3127
JOEL Z. SCHWARZ
Nevada Bar No. 9181
KORY L. KAPLAN
Nevada Bar No. 13164
Email: kkaplan@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
(702) 796-5555
Attorneys for Defendant JBI, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

As discussed in Defendant's Motion to Dismiss and for Summary Judgment ("Mot."), Sandra Elsley ("Ms. Elsley") has experienced setbacks in her personal claim brought in Canada against JBI Delaware and John Bordynuik. To overcome those setbacks, Ms. Elsley has attempted to commandeer that same corporate defendant in Canada and use it as a plaintiff here in Nevada. Ms. Elsley does not address this inherent conflict, but asserts in the Opposition that she had every right to appoint herself president of JBI Delaware, because she was its only remaining shareholder at the time -- a position contradicted within her own affidavit. Plaintiff attempts to create an issue of fact where no issue exists and summary judgment is appropriate.

Ms. Elsley provides no evidence of a genuine dispute of fact. The Opposition relies upon Ms. Elsley's Affidavit, in which Elsley merely states that she is "informed and believes" she was the sole remaining shareholder in JBI Delaware when she purported to revive the corporation. See Ex. 1 of Opp. at ¶ 16. Based solely upon this belief, Ms. Elsley asserts that she was not required to notify anyone of a special shareholder meeting and that she could simply revive the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2112685

2 of 9

company's charter as its self-proclaimed president. See Id. This belief, however, is not substantiated by any evidence. In fact, Ms. Elsley contradicts her own rationale when she states that the number of outstanding shares issued by JBI Delaware was 58 million, while at the same time admitting she retained only 7,450,000 shares. Id. The bylaws of JBI Delaware only allow for a Special Meeting to be called when directed by "a majority of the entire Board of Directors or whenever the holders of one third (1/3) of the number of shares of the capital stock of the Corporation entitled to vote ... elect the same." See Bylaws of JBI Delaware ("Bylaws"), attached hereto as **Ex. 1** at Article II § 3. Simply because Ms. Elsley states that she "believes" she is the sole shareholder, with no evidence to support that belief, does not give her the authority to anoint herself president, without notice of a Special Meeting of shareholders, and to then "revive" the company for the purpose of bringing this action. Moreover, it is illogical for her to "believe" that she is the sole shareholder when she only holds 12% of the outstanding shares and references no supporting documentation to substantiate her supposed belief.

Through Plaintiff, Ms. Elsley asserts that she was the only one with authority to revive JBI Delaware and the only one who could act as its president. Opp. at 5. Plaintiff points to the self-created and self-serving Unanimous Written Consent of Shareholders In Lieu of Special Meeting, dated May 28, 2013, stating without support that all shareholders except Ms. Elsley agreed to relinquish their shares of JBI Delaware, leaving Ms. Elsley as the sole remaining shareholder. See Ex. 6 of Opp. That document is only signed by Ms. Elsley, as "President," and contains no signatures of any other shareholder, even though Ms. Elsley has admitted that there were 51 million shares issued to other people. Id. This acknowledged fact undermines her stated belief.

Plaintiff also relies on an assertion that John Bordynuik was prohibited to act as JBI Delaware's president and, therefore, precluded from reviving the company as an officer or director. Opp. at 3. Accepting that averment as true for this motion, Mr. Bordynuik still had to be notified of a Special Meeting per the express language of the Bylaws, because he is the majority shareholder of JBI Delaware. See Ex. 1 at Article II § 4.

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2112685

3 of 9

Plaintiff also maintains that the Delaware Secretary of State has "recognized Ms. Elsley as the President." This is nonsense. What Ms. Elsley means is that Delaware accepted for filing a document she signed, under penalty of perjury, purporting to be the president of JBI Delaware. Opp. at 3. The process of reviving a company according to Delaware law requires just that, signing a document, under penalty of perjury, stating that the signor has authority to revive the company and submitting the necessary back-payments and filing fees. 8 Del.C. § 103(b)(2); See Ex. 7 of Opp. The Secretary of State does not make any evaluative decisions or investigate the authority of the signatory, rather relying on the sworn statement of the filer. Again, Ms. Elsley's "belief" that she was the only shareholder does not create a question of fact as Plaintiff claims, when the actual evidence proves that there were approximately 51 million shares outstanding and John Bordynuik retained approximately 36 million of those shares. See Share Transaction Journal, attached hereto as **Ex. 2**. Just as the unsubstantiated belief she was the only shareholder does not support her position, Ms. Elsley's argument that the Delaware Secretary of State's Office somehow put its imprimatur on her presidency by accepting a document for filing is completely baseless.

Similarly, the fact Mr. Bordynuik testified in another action that he did not know whether there were any shareholders left in JBI Delaware, fails to demonstrate that he was not a shareholder, as Plaintiff claims. Opp. at 6. Ms. Elsley's argument goes like this: John Bordynuik could not revive the company because "he admitted in his deposition that he does not know whether he was an officer or director of JBI Delaware." See Ex. 5 of Opp. at ¶ 582. Unfortunately, this statement is not accurate and the logic is flawed. Actually, when asked in the Canadian action whether the company had an officer, John Bordynuik responded "[i]t had filed a registration withdrawal. I was an officer up until it was dormant." Id. The company went dormant in 2009, when John Bordynuik was the president, so he would be the only one who could revive the company, barring a properly noticed Special Meeting pursuant to the Bylaws of JBI Delaware. See Ex. 1 at Article II § 3-4. It is irrelevant whether Mr. Bordynuik remembered at the time of questioning that he owned shares. The records prove that he did and still does own 36,308,345 shares, and Ms. Elsley's illogical leap to form an unsupported "belief" that she was

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2112685

4 of 9

the only shareholder is not enough to overcome that proof and create a genuine question of fact. See Ex. 2. Furthermore, the records reflect that there were six additional shareholders other than Ms. Elsley, so her belief that she was the only shareholder was simply an unsupported assumption. Id.

Plaintiff relies exclusively on beliefs expressed in declarations of Ms. Elsley, both in Canada and in this Court, as well as an invalid document signed by Ms. Elsley, to create factual disparities she claims defeat Defendant's Motion to Dismiss and for Summary Judgment. These do not create any genuine issues of fact sufficient to defeat dismissal or summary judgment. Furthermore, this Court should be weary of Ms. Elsley's affidavits, as the Canadian court has already recognized that she submitted to it statements containing material that was "clearly wrong," and failed to disclose pertinent facts. See Ex. 1 of Mot. at ¶¶ 54, 57. Here, perhaps Ms. Elsley simply misremembered that there were other shareholders and will recall it at a later time -- she seems to have a history of misremembering. See Cross-Examination of Sandra Elsley, attached hereto as Ex. 3 at ¶¶ 34, 178.

## II.

### SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS

In addition to the undisputed material facts set forth in the Motion, JBI Nevada states the following undisputed material facts:

1. In June 2009, Ms. Elsley was issued a total of 7,450,000.00 shares of JBI Delaware. See Ex. 1 of Opp.

2. Contrary to Ms. Elsley's "information and belief," as of June 30, 2009 and continuing to date, there are six (6) other shareholders of JBI Delaware in addition to Ms. Elsley. See Ex. 2, p. 10-13.

3. John Bordynuik owns 36,308,345.00 shares. Id. at 10.

4. Pursuant to the bylaws of JBI Delaware, all 6 of these shareholders, including John Bordynuik, are required to receive notice of a Special Meeting. See Ex. 1 at Article II § 4.

5. Pursuant to the bylaws of JBI Delaware, Ms. Elsley was not authorized to call a Special Meeting because she does not own 1/3 of the shares entitled to vote. Id. at Article II § 3.

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2112685

5 of 9

# III.

# LEGAL ARGUMENT

A.  **Legal Standard**

Once the party moving for summary judgment has demonstrated that there is no genuine issue of material fact, the non-moving party must designate specific facts showing a genuine issue for trial. <u>Celotex Corp v. Catrett</u>, 477 U.S. 317, 323-24. It is well-settled that, "[w]hen the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." <u>Emeldi v. Univ. of Oregon</u>, 698 F.3d 715, 733-34 (9th Cir. 2012) cert. denied, 133 S. Ct. 1997, 185 L. Ed. 2d 866 (U.S. 2013); <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir.1993) (per curiam).

In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must set forth by affidavit or other evidence **specific facts**. Fed. R. Civ. P. 56; <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137, 119 L. Ed. 2d 351 (1992) (emphasis added).

Rule 56(e) permits the use of affidavits in support of or in opposition to a motion for summary judgment, but also requires that the facts stated in them be admissible in evidence upon a trial. <u>Paramount Pest Control Serv. v. U.S.</u>, 304 F.2d 115, 116 (9th Cir. 1962); Fed. R. Civ. P. 56. Rule 56(c) allows for an affidavit or declaration to be used to oppose a motion if it is made on personal knowledge. <u>Id</u>.

Since Rule 56(e) is clear in requiring that supporting and opposing affidavits must be based on personal knowledge, the Ninth Circuit has recognized that **an affidavit made upon information and belief does not comply with Rule 56(e)**. <u>Bank Melli Iran v. Pahlavi</u>, 58 F.3d 1406, 1412 (9th Cir.1995) (recognizing that declarations "on information and belief" are not entitled weight for summary judgment proceedings where the declarant lacks personal knowledge); <u>Columbia Pictures Indus., Inc. v. Professional Real Estate Investors, Inc.</u>, 944 F.2d 1525, 1529 (9th Cir.1991) (concluding that because an individual's declaration is "not based on personal knowledge, but on information and belief, his statement does not raise a triable issue of fact regarding antitrust injury"); <u>Cermetek, Inc. v. Butler Avpak, Inc.</u>, 573 F.2d 1370, 1377 (9th

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2112685

Cir.1978) (stating that "facts alleged on 'understanding' like those based on 'belief' or on 'information and belief,' are not sufficient to create a genuine issue of fact").

In this case, Ms. Elsley relies on conclusions and unsupported beliefs to manufacture issues of fact. Ms. Elsley has failed to prove that she is the president of JBI Delaware and that she validly revived the corporation with authority as president, and summary judgment is therefore required, because this action by JBI Delaware cannot be brought.

**B.     Ms. Elsley Could Not Act as President**

Ms. Elsley's unsupported belief, contradicted by the evidence, that she is the sole shareholder of JBI Delaware is not made on personal knowledge and is insufficient to create a genuine issue of material fact. Nor does her pointing to the Unanimous Consent of Shareholders electing herself as president and to the Certificate for Renewal and Revival, which she also prepared and signed, create an issue.

Ms. Elsley did not give notice of a Special Meeting of the shareholders in order to be elected president. The Bylaws only allow for a Special Meeting to be called if directed by the president or a majority of the Board of Directors, or when the holders of one third (1/3) of the shares entitled to vote so request. See Ex. 1 at Article II § 3. Ms. Elsley was not eligible to call a Special Meeting, because she did not retain 1/3 of the shares entitled to vote. Ms. Elsley only retained 7,450,000 shares out of 58 million outstanding shares, equaling 12%. See Ex. 1 of Opp. at ¶¶ 3, 10. The Bylaws require notice of the time and place of each Special Meeting to be given to each shareholder. See Ex. 1 at Article II § 4. Again, it is inconceivable for Ms. Elsley to believe that she was the sole shareholder when she only retained 12% of the shares and had no basis for her belief.

John Bordynuik remained a shareholder of JBI Delaware. See Ex. 2, p. 10. Ms. Elsley claims that he was not an officer or director because of his consent to entry of a judgment in favor of the SEC, but even if such a judgment was effective, that would not change Mr. Bordynuik's status as the majority shareholder or his ability to remain a shareholder. JBI Delaware ceased operations in April 2010, and Mr. Bordynuik was the president and only director of JBI Delaware at that time. See Ex. 2 of Mot. As far as Mr. Bordynuik was concerned,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2112685

7 of 9

the company was dormant and the mere fact that he did not know in deposition if there were other shareholders does not alter his status as the majority shareholder. Even if Mr. Bordynuik was not eligible to remain president, he was the only eligible person to call for a Special Meeting notice. See Ex. 1 at Article II § 4. Moreover, he (along with the other shareholders) would have to be sent notice of a Special Meeting if anyone else attempted to call one. Id. at Article II § 4.

Finally, Delaware law requires a signatory to acknowledge under penalties of perjury that the signed instrument is the act of the corporation and that the facts stated therein are true. 8 Del.C. § 103(b)(2). The Secretary of State does not evaluate the signatory or make any determination as to authority or the facts stated within the instruments, and thus there was no "recognition" by the state of Delaware of Ms. Elsley as President, by filing the documents she wrongfully swore to being true. Therefore, Ms. Elsley is left with her mere belief that she is the only shareholder. This unsubstantiated and mistaken belief is inadequate to create a genuine issue of fact sufficient to defeat summary judgment in this case.

## IV.

## CONCLUSION

Ms. Elsley lacks standing to bring this claim because she is not the president of JBI Delaware. She was only a 12% shareholder. Nonetheless, she signed her name as the president on the Unanimous Consent of Shareholders in Lieu of a Special Meeting and on the Certificate for Renewal and Revival. She paid the filing fees and the company was "revived." Then Ms. Elsley brought this action.

She had no authority to take such steps. The only evidence that Ms. Elsley has to show that she was the sole shareholder is her affidavit stating that she is "informed and believes" she is the only remaining shareholder. Ms. Elsley does not state so affirmatively, nor can she because she holds only 7 million of 58 million issued shares. Mr. Bordynuik himself owns over 36,000,000 shares. She has not pled, or supported, specific facts to show a genuine issue for trial.

. . .

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2112685

8 of 9

For these reasons, no genuine issue of material fact is present to challenge JBI Nevada's entitlement to judgment. JBI Nevada therefore respectfully asks that this Court GRANT relief in favor of JBI Nevada pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(d), and 56.

Dated this 25th day of November, 2013.

GORDON SILVER

ERIC R. OLSEN
Nevada Bar No. 3127
JOEL Z. SCHWARZ
Nevada Bar No. 9181
KORY L. KAPLAN
Nevada Bar No. 13164
Email: kkaplan@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
(702) 796-5555
Attorneys for Defendant JBI, Inc.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2112685

9 of 9