GORDON SILVER
ERIC R. OLSEN
Nevada Bar No. 3127
Email: eolsen@gordonsilver.com
JOEL Z. SCHWARZ
Nevada Bar No. 9181
Email: jschwarz@gordonsilver.com
KORY L. KAPLAN
Nevada Bar No. 13164
Email: kkaplan@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666
Attorneys for Defendant JBI, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN BORDYNUIK, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JBI, INC., a Nevada corporation f/k/a 310 HOLDINGS INC., a Nevada corporation; and DOES I-V and ROES I-V,<br><br>Defendants. | CASE NO. 2:13-cv-01463-APG-VCF<br><br>**MOTION TO STRIKE PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT JBI, INC.'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P.12(b)(6), 12(d) AND 56** |

Defendant JBI, INC., a Nevada corporation f/k/a 310 HOLDINGS INC., a Nevada corporation ("JBI Nevada"), by and through its attorneys, the law firm of Gordon Silver, hereby files its Motion to Strike ("Motion to Strike") Plaintiff's Motion for Leave to File a Surreply to Defendant's Reply to Plaintiff's Opposition to Defendant JBI, Inc.'s Motion to Dismiss and For Summary Judgment pursuant to Fed.R.Civ.P.12(b)(6), 12(d) and 56 ("Motion for Leave") (Dkt #16) filed by Plaintiff JOHN BORDYNUIK, INC., a Delaware Corporation ("Plaintiff").

. . .

. . .

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2133748

1 of 5

This Motion to Strike is made and based upon all of the pleadings and papers already on file herein, any and all exhibits, affidavits and/or declarations attached thereto, as well as any and all argument and/or other evidence introduced at any hearing on this matter.

GORDON SILVER

/s/ 

ERIC R. OLSEN
Nevada Bar No. 3127
JOEL Z. SCHWARZ
Nevada Bar No. 9181
KORY L. KAPLAN
Nevada Bar No. 13164
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
(702) 796-5555
Attorneys for Defendant JBI, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF RELEVANT FACTS[1]

JBI Nevada filed its Motion to Dismiss (Dkt #6) to address a threshold issue: Ms. Elsley's lack of standing to file the Complaint on behalf of JBI Delaware. Plaintiff then filed its Opposition (Dkt #13), claiming that Ms. Elsley was the only one who could revive the Delaware company and bring this claim, because she was the sole shareholder. JBI Nevada, in its Reply (Dkt #14), demonstrated that Ms. Elsley was not the only shareholder despite her "information and belief," and attached the Share Transaction Journal as an Exhibit, proving that there were other shareholders. In fact, there were six (6) other shareholders. Thus, Ms. Elsley could not call a special meeting, because she did not own 1/3 of the shares entitled to vote. Moreover, Ms. Elsley failed to provide notice to those shareholders as required in order to call a special meeting, per the Bylaws of JBI Delaware.

JBI Nevada did not present any new issues in its Reply, but only responded to points raised in the Opposition. Plaintiff's Motion for Leave is simply an attempt to supplement its

---

[1] Defendant incorporates by reference the Statement of Facts in the Motion to Dismiss (Dkt #6) and Reply (Dkt #14).

103696-004/2133748

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Opposition. The information Plaintiff seeks to include were readily available when it filed the Opposition, and the Motion for Leave is simply Plaintiff's attempt to get the last word.

## II.

## LEGAL ARGUMENT

No provision is made in the Court's rules for the filing of a surreply. *Spartalian v. Citibank*, N.A., 2:12-CV-00742-MMD, 2013 WL 593350 (D. Nev. Feb. 13, 2013). "A surreply may only be filed by leave of court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *Id.* citing *Kanvick v. City of Reno*, No. 3:06–CV–00058, 2008 WL 873085, at *n.1 (D.Nev. March 27, 2008)(emphasis in original).

"Surreplies ... are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Sims v. Paramount Gold & Silver Corp.*, 2010 WL 5364783 (D. Ariz. Dec. 21, 2010); *In re Enron Corp. Secs.*, 465 F.Supp.2d 687,691 n. 4 (S.D.Tex.2006) (quoting *Lacher v. West*, 147 F.Supp.2d 538, 539 (N.D.Tex.2001). Accordingly, courts will not allow surreplies except "in the most extraordinary circumstances." *Beckner v. Astrue*, 2007 WL 2013608 *1 (D.Kan.2007). *See also Gen.Elec. Co. v. Latin Am. Imports*, S.A., 187 F. Supp 2d 749, 752 n. 1 (W.D.Ky.2001) ("[M]otions for surreplies ... will be summarily denied absent extraordinary circumstances."); *Atlin v. Mendes*, 2008 WL 5422871 *3 (N.D.Tex.2008) (moving party must set forth "exceptional or extraordinary circumstances warranting a surreply."); *Starr v. Cox*, 2008 WL 1914286 *2 (D.N.H.2008) (it is proper to deny "a motion for leave to file a surreply where the party failed to demonstrate that the case presented extraordinary circumstances warranting the relief sought."). *Sims*, 2010 WL 5364783.

Plaintiff attempts to persuade this Court that JBI Nevada raised new issues in its Reply. Specifically, Plaintiff asserts that because the Share Transaction Journal was not submitted as an exhibit in Defendant's initial Motion, it constitutes new evidence warranting the Motion for Leave. The issue of whether John Bordynuik relinquished his shares was, however, raised in the Plaintiff's Opposition, and JBI Nevada's submission of the Share Transaction Journal was strictly a reply to the Opposition, in which Plaintiff stated on information and belief that she was

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2133748

the sole shareholder, it did not raise a new matter.[2]

JBI Nevada stated in its Motion to Dismiss that Ms. Elsley was not the sole shareholder as she believed herself to be. Plaintiff responded in its Opposition that John Bordynuik admitted in his deposition that he did not know whether he was an officer or director of JBI Delaware. Opp. at 5. Plaintiff went on to state, "there is clearly a question of fact as to whether John Bordynuik relinquished his shares. If he did then the only person who was authorized to act on behalf of JBI Delaware would have been Ms. Elsley, as she would have been the sole remaining shareholder." Id. at 6. Ms. Elsely offered no other basis for this conclusion.

The Share Transaction Journal was submitted as an exhibit in reply to demonstrate that Plaintiff's unfound assertion that Ms. Elsley remained the sole shareholder was incorrect. The Opposition relies only upon Ms. Elsley's Affidavit, in which Elsley merely stated that she is "informed and believes" she was the sole remaining shareholder in JBI Delaware when she purported to revive the corporation, and thus was not required to give notice to Mr. Bordynuik or any other shareholder. See Ex. 1 of Opp. at ¶ 16. Moreover, Ms. Elsley clearly disproved her own belief that she was the sole shareholder by stating that she only owned 7.75 million shares out of 58 million. Id. at ¶ 3-4. These facts, addressed in the Reply, responded to arguments that Plaintiff made in its Opposition. They did not raise a new matter. Because there were, as a matter of undisputed fact, other shareholders in JBI Delaware and this was not a new issue raised in the Reply, the Motion for Leave should be stricken, and summary judgment should be granted.[3]

. . .

. . .

. . .

. . .

---

[2] Plaintiff does not attempt to rebut by surreply the fact raised by Defendant, that she created an irreconcilable conflict for herself both suing JBI Inc. in Canada and claiming to sue on its behalf, as President, here.

[3] In the alternative, because standing is a threshold issue, if this Court finds an issue of material fact to preclude judgment as a matter of law, limited discovery should be allowed only on the issue of standing. Freeman v. Steele, 1983 WL 1594 (D. Nev. Mar. 1, 1983).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2133748

4 of 5

## III.

## CONCLUSION

The Motion for Leave is simply a last-ditch effort by the Plaintiff to try to add new information in the hopes that this Court will believe there could possibly be an issue of material fact. As recognized by the Ninth Circuit, surreplies are highly disfavored and should be dismissed absent extraordinary circumstances. Here, Plaintiff has not demonstrated any extraordinary circumstances justifying a surreply, because JBI Nevada merely responded to issues Plaintiff raised in the Opposition. Therefore, the Court should not grant Plaintiff's Motion for Leave and should dismiss this case as a matter of law.

In the event that the Motion to Dismiss and for Summary Judgment is not granted, this Court should only allow for discovery limited to this issue of standing.

Dated this 6th day of December, 2013.

GORDON SILVER

ERIC R. OLSEN
Nevada Bar No. 3127
JOEL Z. SCHWARZ
Nevada Bar No. 9181
KORY L. KAPLAN
Nevada Bar No. 13164
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
(702) 796-5555
Attorneys for Defendant JBI, Inc.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103696-004/2133748