UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| John Bordynuik Inc., | Case No. 2:13-cv-01463-RFB-VCF |
| Plaintiff, | ORDER DENYING MOTIONS TO DISMISS, FOR SUMMARY JUDGMENT, FOR ORAL ARGUMENT, FOR LEAVE TO FILE, AND TO STRIKE |
| v. | |
| JBI, Inc., | |
| Defendant. | |

## I.  INTRODUCTION

Before this Court are five motions: Defendant's Motions to Dismiss, ECF. No 6; Defendant's Motion for Summary Judgment, ECF. No 7; Plaintiff's Application for Oral Argument, ECF No. 15; Plaintiff's Motion for Leave to File a Surreply, ECF No. 16; and Defendant's Motion to Strike Plaintiff's Motion for Leave to File a Surreply, ECF No. 17. For the reasons given below, all five motions must be denied.

## II.  PROCEDURAL BACKGROUND

On August 14, 2013, plaintiff John Bordynuik Inc., a Delaware Corporation ("JBI-DE"), filed suit against JBI Inc., a Nevada corporation ("JBI-NV"). JBI-DE stated six claims for relief: breach of contract, breach of the implied covenant of good faith and fair dealing, two claims of conversion, fraud in the inducement, and fraud. Compl. 3–7, ECF No. 1.

On September 30, 2013, JBI-NV moved for dismissal and summary judgment.[1] In these

---

[1] Although it's just one document, Defendant JBI, Inc.'s Motion to Dismiss and for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(6), 12(d) and 56 was docketed twice: once as a Motion to Dismiss, ECF No. 6, and once as a Motion for Summary Judgment, ECF No. 7. Accordingly, the Court will refer to these motions separately.

1  motions, JBI-NV posited that "Plaintiff Lacks Standing to Bring the Action" because JDI-DE
2  was "not properly revived as a corporation" because "Ms. Elsley did not have the authority to
3  file the certificate of revival and renewal of the corporation." Mot. to Dismiss 6:14, 7:2, 8:3–4;
4  Mot. for Summ. J. 6:14, 7:2, 8:3–4.

5  In addition to responding to JBI-NV's dispositive motions, JBI-DE moved for oral
6  argument on JBI-NV's dispositive motions on Dec. 4, 2013, ECF No. 15, and leave to file a
7  surreply on Dec. 6, 2013, ECF No. 16. The motivation behind both of these two motions was the
8  same: "In Defendant's Reply to Plaintiff's Opposition, Defendant has submitted documents, the
9  authenticity of which Plaintiff has not had an opportunity to challenge." Pl's. Appl. for Oral
10 Arg. ¶ 5; accord Mot. for Leave to File a Surreply 2:21–27.

11 On December 6, 2013, JBI-NV moved to strike JBI-DE's motion for surreply. ECF No.
12 17. JBI-DE's Application for Oral Argument remains unopposed.

13 On October 7, 2014, Magistrate Judge Ferenbach noted that the parties had not filed a
14 discovery plan and scheduling order, as required by Local Rule 26-1, and ordered they do so by
15 October 17. Instead, on October 10, the parties filed a stipulation to suspend discovery pending
16 the Court's rulings on JBI-NV's Motion to Dismiss, ECF No. 6. Stipulation, ECF No. 21. On
17 October 10, Judge Ferenbach issued an order postponing the required filing "until the earlier of
18 thirty (30) days after the court's ruling on the Motion to Dismiss (#10) or April 10, 2015." Order
19 Granting Limited Stay of Disc. 1:20–21, ECF No. 22.

### III. DISCUSSION

#### A. Motion to Dismiss

##### 1. Legal Standard

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as a demand for relief. Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-

moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Whenever a district court looks beyond pleadings in evaluating a motion to dismiss under Rule 12(b)(6), that motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). Under two exceptions to this requirement, however, a court *may* consider extrinsic evidence in a Rule 12(b)(6) motion: 1) materials which are properly submitted as part of the complaint and 2) "matters of public record" suitable for judicial notice. Lee, 250 F.3d at 688.

## 2. Discussion

The instant, dual-purpose motion is only nominally a Rule 12(b)(6) motion to dismiss. JBI-NV does set out the legal standards for motions to dismiss. However, immediately thereafter JBI-NV begins a series of arguments all dependent on reference to documents and exhibits extrinsic to the Complaint. JBI-NV's Motion to Dismiss is based upon one argument: JBI-DE "lacks standing to bring this claim and could not prevail, because it was not properly revived as a corporation and the person behind filing this action is not authorized to pursue it." Mot. for Summ. J. 7:1–3. In support of this argument, JBI-NV relies on filings in a Canadian court, ECF No. 6-4; a certificate of renewal, ECF No. 6-2; and the Declaration of John Bordynuik, ECF. No. 6-3. And JBI-NV must do so, because the Complaint is essentially silent on the matter of the identities of the parties and anyone behind the filing, merely identifying JBI-DE and JBI-NV and being signed by counsel. Compl. 1, 8.

In fact, JBI-NV explicitly acknowledges that its arguments require extrinsic evidence inappropriate for consideration under Rule 12(b)(6): "In this case, where dismissal is based upon the plaintiff corporation's lack of standing because it was not properly revived from dormancy and its purported president lacks authority to pursue the action, matters outside the pleading must be considered and the motion must be treated as a summary judgment motion under Federal Rule 56." Mot. to Dismiss 5:9–13.

The Court agrees insofar as this motion's reliance on extrinsic evidence makes dismissal

for failure to state a claim inappropriate. However, as the Motion to Dismiss also includes an independent Motion for Summary Judgment that the Court considers separately, the court need not convert the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(d). Consequently, for the reasons stated above, the Motion to Dismiss is denied.

### B. Motion for Summary Judgment

#### 1. Legal Standard

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

Local Rule 56-1 specifies that "[m]otions for summary judgment and responses thereto shall include a concise statement setting forth each fact material to the disposition of the motion, which the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence upon which the party relies."

#### 2. Discussion

Courts in this district routinely decline to reach the merits of arguments made in connection with summary judgment filings that contain no statements of undisputed facts as required by Local Rule 56-1. See, e.g., Joe Hand Promotions, Inc. v. Steak, 2014 WL 1304723 at *2, 2014 U.S. Dist. LEXIS 43431 at *6 (D. Nev. Mar. 31, 2014); Engel v. Siroky, 2014 WL 585769 at *2, 2014 U.S. Dist. LEXIS 18997 at *5 (D. Nev. Feb. 14, 2014); Spitzmesser v. Tate

Snyder Kimsey Architects, Ltd., 2011 WL 2552606 at *3–*4, 2011 U.S. Dist. LEXIS 68696 at *9 (D. Nev. June 27, 2011).

Here, because JBI-NV's motion includes only a "Statement of Relevant Facts" without clarifying which facts may be disputed or undisputed, JBI-NV has patently failed to comply with Local Rule 56-1.  Mot. for Summ. J. 3:12.  This alone justifies denial of the motion without reaching its merits.

Some district courts have overlooked noncompliance with Local Rule 56-1 when all the material facts are obvious from the motion and the attached evidence.  See, e.g., Riggs Mktg. Inc. v. Mitchell, 993 F. Supp. 1301, 1304 (D. Nev. 1997).  This is not the case here, as an examination of the "Statement of Relevant Facts" demonstrates that JBI-NV's motion does not comply with the spirit of Rule 56-1.  The language of the Statement is frequently argumentative and in no way distinguishes undisputed fact from disputed contention.  For example, JBI among its "Relevant Facts" states, "Elsley's goals in the Ontario court include getting to John Bordynuik's assets, and primarily to JBI Nevada. Stymied by the Canadian judge, and lacking credibility there, Ms. Elsley found a different avenue to bring her claim against JBI Nevada less than two weeks later: by falsely signing a revival certificate as the President of JBI Delaware." Mot. for Summ. J. 4:6–9.  Such facially argumentative background material may be appropriate as part of a brief but cannot constitute a statement of undisputed facts.

Perhaps recognizing the deficiency in its initial filing, JBI-NV *does* include a "Supplemental Statement of Undisputed Material Facts" in its reply brief.  Reply to Pl's. Opp. 5:16–26, ECF No. 14.  Aside from not being part of the actual *Motion* for Summary Judgment, as required, and addressing a scant five points, this statement also appears to include both disputed and undisputed facts.  Compare Reply to Pl's. Opp'n 5:16, 5:22–3 ("Undisputed Material Facts" . . . "John Bordynuik owns 36,308,345.00 shares." ) with Opp. to Def.'s Mot. to Dismiss and for Summ. J. 5:26–6:3, ECF No. 13 ("[T]he Unanimous Written Consent of Shareholders In Lieu of Special Meeting dated May 28, 2013, provides that all the former shareholders, except Sandra Elsley of John Bordynuik Inc [JBI Delaware] agreed to relinquish their shares . . . .there is clearly a question of fact as to whether John Bordynuik relinquished his

shares.")

As JBI-NV has complied with neither the letter nor spirit of Local Rule 56-1, the Court denies the instant Motion for Summary Judgment without prejudice to allow JBI-NV to later submit a properly supported motion for summary judgment. See also LR 26-1(e)(4) (describing the timing of dispositive motions).[2]

### C. Application for Oral Argument

The Court denies JBI-DE's Application for Oral Argument. Under Local Rule 78-2, "[a]ll motions may, in the Court's discretion, be considered and decided with or without a hearing." However, a court may not refuse to hear oral argument if a party "would suffer unfair prejudice as a result." Mahon v. Credit Bureau of Placer Cnty. Inc., 171 F.3d 1197, 1200 (9th Cir. 1999), as amended (Apr. 28, 1999).

Here, JBI-DE requested oral argument to address documents submitted by JBI-NV in its Reply to Plaintiff's Opposition, "the authenticity of which Plaintiff has not had an opportunity to challenge." Pl's. App. for Oral Arg. ¶ 5. Because the questioned documents are inapplicable to the Motion to Dismiss and because this Court has declined to consider the merits of the Motion for Summary Judgment, there can be no prejudice in refusing to hear argument on the asserted matter. Therefore, Plaintiff's application is denied.

### D. Motion for Surreply

The Court denies JBI-DE's Motion for Leave to File a Surreply. Nothing in the Local Rules authorizes surreplies. See LR 7-2(a)–(c). However, while surreplies are highly disfavored, courts in this district routinely interpret Local Rule 7-2 to allow filing of surreplies only by leave of court and only to address new matters raised in a reply to which a party would otherwise be unable to respond. See, e.g., FNBN-RESCON I LLC v. Ritter, 2014 WL 979930 at *6, 2014 U.S. Dist. LEXIS 130128 at *16 (D. Nev. Mar. 12, 2014); Lasko v. Am. Bd. of Surgery, 2014 WL 300930 at *1, 2014 U.S. Dist. LEXIS 11740 at *3 (D. Nev. Jan. 27, 2014).

---

[2] Both parties are also cautioned to carefully consider the admissibility of any evidence attached to future motions for summary judgment and associated papers. The party seeking the admission of documents on motion for summary judgment bears the burden of proof to show their admissibility. Hooper v. Lockheed Martin Corp., 688 F.3d 1037, 1051 (9th Cir. 2012).

- 6 -

Here, however, the Court need not address the merits of a possible surreply. JBI-DE requested leave to file a surreply so it might be "afforded the opportunity to oppose any new evidence or argument that was not raised in JBI-NV's original Motion." Mot. for Leave to File a Surreply 3:4–5. Because this Court did not reach the merits of the motions in denying the dispositive motions for which the leave to file the surreply was sought, the need for a surreply appears functionally mooted and the Court sees no reason to permit such a surreply at this time. Therefore, JBI-DE's request for filing a surreply is denied.

### E. Motion to Strike

Because the Court has denied JBI-DE's Motion for Leave to File a Surreply, JBI-NV's Motion to Strike said motion is denied as moot.

### IV. CONCLUSION

For the reasons stated above,

- IT IS HEREBY ORDERED that JBI-NV's Motions to Dismiss, ECF. No 6, is DENIED;
- IT IS FURTHER ORDERED that JBI-NV's Motion for Summary Judgment, ECF No 7, is DENIED without prejudice;
- IT IS FURTHER ORDERED that JBI-DE's Application for Oral Argument, ECF No. 15, is DENIED;
- IT IS FURTHER ORDERED that JBI-DE's Motion for Leave to File a Surreply, ECF No. 16, is DENIED; and
- IT IS FURTHER ORDERED that JBI-NV's Motion to Strike Plaintiff's Motion for Leave to File a Surreply, ECF No. 17, is DENIED.

The parties are instructed to proceed with discovery in compliance with Judge Ferenbach's October 10, 2014 Order.

DATED January 13, 2015.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE